IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**YURIE ELZEA**,

   Plaintiff,

 v.

**COMMISSIONER OF SOCIAL SECURITY**,

   Defendant.

No. 1:15-cv-01402-JE

OPINION AND ORDER

**MOSMAN, J.**,

On April 3, 2017, Magistrate Judge John Jelderks issued his Findings and Recommendation ("F&R") [21], recommending that the Commissioner's decision should be REVERSED and the case should be REMANDED for the immediate payment of benefits. The Commissioner and Mr. Elzea objected [23, 24] to the F&R, and each party responded to the other's objections [25, 26].

## LEGAL STANDARD

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendations as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the

1 – OPINION AND ORDER

court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny with which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Upon careful review, I agree with Judge Jelderks's F&R. I write briefly, however, to respond to the parties' objections and provide supplemental analysis.

### I. Mr. Elzea's Objections

Mr. Elzea argues Judge Jelderks erred by concluding that the Administrative Law Judge ("ALJ") was required to provide only specific and legitimate reasons for rejecting the treating doctor's opinion, instead of clear and convincing reasons. Mr. Elzea argues that the clear and convincing standard applies under Ninth Circuit precedent because the treating doctor's opinions only conflicted with the opinions of non-examining physicians and only insofar as the opinions related to Mr. Elzea's functional capacity. Mr. Elzea argues that the opinions of non-examining physicians alone do not constitute "substantial evidence" for rejecting a treating doctor's opinion and, as such, the treating physician's opinion is considered uncontradicted. Thus, because the treating doctor's opinion is uncontradicted as a matter of law, the ALJ had to provide clear and convincing reasons for rejecting his opinion.

The Commissioner responds with two arguments. First, the Commissioner argues that Mr. Elzea's objection is procedurally unnecessary because it concerns a question of law, not a

finding of fact, and Mr. Elzea prevailed on the lower "specific and legitimate" standard. Second, the Commissioner argues that Mr. Elzea is wrong on the merits of the objection.

As an initial matter, Mr. Elzea is not procedurally prohibited from raising his objections. In the Ninth Circuit, "failure to file objections . . . does not automatically waive the right to appeal the district court's conclusions of law." *Loher v. Thomas*, 825 F.3d 1103, 1121 (9th Cir. 2016) (citation omitted). But failure to object to the conclusions of law is a factor that may be used in finding the issue was waived for appeal. *Id.* (citation omitted). Accordingly, even though Mr. Elzea's objection may not be required to preserve the issue for appeal by objecting, *Loher* does not preclude Mr. Elzea from making the objection, and I will consider its merits.

That said, I agree with Judge Jelderks's finding that the specific and legitimate standard governs in this case, and I overrule Mr. Elzea's objection. Specifically, I agree with Judge Jelderks that the ALJ could only reject the treating doctor's opinions by providing specific and legitimate reasons resulting from substantial evidence in the record. In *Widmark v. Barnhart*, the Ninth Circuit held that the specific and legitimate standard applies when a treating doctor's opinion is contradicted by the opinion of any other doctor, including a state agency reviewing physician who did not examine the claimant. 454 F.3d 1063, 1066-67 (9th Cir. 2006). In *Widmark*, like in the case at issue here, the state agency reviewing doctor's conflicting opinion specifically related to the claimant's functional limitation. *Id.* (finding, in opposite of the treating doctor, that the claimant had no manipulative limitations). Thus, contrary to Mr. Elzea's arguments, the Ninth Circuit's holding in *Widmark* is applicable here, and a state agency reviewing physician's opinion that only differs from the treating doctor as to a claimant's functional limitations is still a contradictory opinion invoking the specific and legitimate standard.

## II. The Commissioner's Objections

The Commissioner objects to Judge Jelderks's finding that the ALJ's reason for discounting Mr. Elzea's subjective complaints, the treating doctor's opinion, and the lay testimony was not valid. In addition, the Commissioner objects to Judge Jelderks's application of the "credit as true" doctrine in finding that Mr. Elzea is entitled to the immediate payment of benefits. I consider each objection in turn.

### A. *Objections to Judge Jelderks's Findings to the ALJ's Treatment of Mr. Elzea's Testimony, the Opinion of His Treating Doctor, and Lay Opinion Testimony*

The ALJ determined that Mr. Elzea's course of treatment undermined his testimony about his subjective symptoms, the treating doctor's opinion, and Mr. Elzea's mother's testimony. The ALJ determined that Mr. Elzea's course of treatment, which largely consisted of bi-monthly or longer follow-ups and lacked emergent medical care, was inconsistent with the alleged level of severity of his pulmonary problems. As such, the ALJ largely rejected those opinions and adopted only the portions that were consistent with a finding that Mr. Elzea had the ability to perform light work.

Judge Jelderks found that the ALJ's reasoning for rejecting Mr. Elzea's subjective complaints, his treating doctor's opinion, and his mother's testimony, was not legally valid. Specifically, Judge Jelderks found that the ALJ's determination that Mr. Elzea's home nebulizer treatments constituted a conservative course of treatment, which suggested that his pulmonary problems were not as severe as alleged, was not supported by the evidence in the record. The Commissioner argues that the ALJ's interpretation of the evidence was not irrational, and thus,

the ALJ's opinion should be upheld. According to the Commissioner, Judge Jelderks improperly reweighed the same evidence that the ALJ considered and simply made a different conclusion from that evidence—that the home treatment was consistent with a disabling impairment.

As an initial matter, the Commissioner incorrectly argues that Judge Jelderks found Mr. Elzea's course of treatment was consistent with a disabling impairment. Judge Jelderks made no such finding. After reviewing the ALJ's analysis, Judge Jelderks merely determined that the ALJ's reasoning for rejecting the opinions and testimony at issue did not meet the requisite legal standards. For example, he found that the ALJ failed to provide (1) clear and convincing reasons for rejecting Mr. Elzea's testimony, (2) specific and legitimate reasons for giving little weight to the treating doctor's opinion, and (3) germane reasons for giving little weight to the mother's testimony. A finding that the ALJ's analysis was legally insufficient does not amount to a finding that the evidence itself shows that the claimant suffers from a disabling impairment.[1]

Furthermore, I agree that the ALJ's rejection of the opinions and testimony at issue was not supported by substantial evidence in the record. Regardless of whether the ALJ had to provide clear and convincing, specific and legitimate, or germane reasons for rejecting the testimony and opinions at issue, the reasons themselves still had to be supported by substantial evidence in the record. *See Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) ("An ALJ's disability determination should be upheld unless it . . . is not supported by substantial evidence."). Substantial evidence is "such relevant evidence as a reasonable person might accept

---

[1] To be clear, Judge Jelderks determined Mr. Elzea is entitled to an immediate award of benefits after conducting a credit-as-true analysis. As explained in the next subsection of this Opinion, part of that analysis requires this Court to assume the opinions and testimony that the ALJ erroneously rejected are true. While such an assumption may resulting in a finding of disability, this is different than arguing that Judge Jelderks himself looked at the same underlying evidence and sua sponte determined it required a finding of disability.

5 – OPINION AND ORDER

as adequate to support a conclusion." *Id.* It is "more than a mere scintilla, but less than a preponderance." *Id.*

Here, the ALJ rejected the opinions of Mr. Elzea's treating doctor, Mr. Elzea's testimony, and his mother's testimony because he found them to be inconsistent with Mr. Elzea's failure to seek emergent care or more regular follow-up care for his frequent asthma attacks. In other words, the ALJ apparently concluded that Mr. Elzea's pulmonary problems could not be as significant as alleged because he was not seeking emergency room or other treatment more often. Of course, a claimant's failure to pursue a more aggressive prescribed course of treatment may be a reason to reject testimony about the alleged severity of the symptoms. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). But there is no evidence in the record to suggest that Mr. Elzea failed to follow a more aggressive treatment plan than was prescribed. In fact, he testified that his nightly home treatment was the same treatment that he would receive if he visited the emergency room. Thus, he had no reason to regularly visit the emergency room because it would not provide him with greater care. In other words, even though his attacks were severe and regular, he could adequately treat them at home. Furthermore, there is no evidence that a doctor recommended additional follow-up treatment that Mr. Elzea failed to pursue.

Based on that record, I find that the ALJ's opinion that Mr. Elzea would require more emergent treatment if his pulmonary problems were as debilitating as alleged is not supported by substantial evidence in the record. That conclusion is entirely based on the ALJ's own conjecture about a proper course of treatment for the alleged pulmonary problems. An ALJ errs in providing his own lay opinion about proper medical treatment that is not based on evidence in the record. *See Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (explaining that the ALJ is "not qualified as a medical expert," and he should not go outside the record to make "his

own exploration and assessment as to claimant's physical condition"); *see also Morales v. Apfel*, 225 F.3d 310, 319 (3d Cir. 2000) (explaining that "an ALJ should not substitute his lay opinion for the medical opinion of experts"); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor."); *Smith v. Colvin*, No. 3:14-cv-01210-PA, 2016 WL 680535, at *7 (D. Or. February 19, 2016) ("The ALJ is not a medical expert and may not make his own medical assessment beyond that demonstrated by the record." (citation omitted)).

There is no medical opinion evidence to support a finding that Mr. Elzea's home treatment would not adequately treat his alleged asthma problems or that more aggressive therapies were recommended and available, in the emergency room or otherwise, that he did not pursue. The ALJ simply determined, without any medical evidence, that at-home treatment could not be adequate. As such, I agree with Judge Jelderks that the ALJ's reasoning for rejecting the opinion and testimony at issue is not supported by substantial evidence in the record. The ALJ, therefore, erred as a matter of law in rejecting the treating doctor's opinion and giving little weight to the testimony of Mr. Elzea and his mother.

### B. *The Credit-As-True Analysis*

Finally, the Commissioner argues Judge Jelderks misapplied the credit-as-true doctrine in recommending that this case should be remanded for the immediate payment of benefits. In deciding to remand a case for an award of benefits, certain prerequisites must be met. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citation omitted). First, the court must "determine that the ALJ made a legal error." *Id.* Second, the court must "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and

'all essential factual issues have been resolved.'" *Id.* (citation omitted). In that analysis, the court "must consider . . . whether the government has pointed to evidence in the record 'that the ALJ overlooked,'" which "casts into serious doubt the claimant's claim to be disabled." *Id.* (internal quotation marks omitted). "Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits. *Id.* (citation omitted). But, if the court has determined that the record is fully developed and there are no outstanding issues for resolution, then the court "must consider the testimony or opinion that the ALJ improperly rejected, in the context of the otherwise undisputed record, and determine whether the ALJ would necessarily have to conclude that the claimant were disabled if that testimony or opinion were deemed true." *Id.* If so, then the court may exercise its discretion to remand the case for an immediate award of benefits. *Id.*

The Commissioner argues that Judge Jelderks erred in failing to assess whether any outstanding issues or evidence not discussed by the ALJ required resolution before deciding whether to credit the testimony at issue as true as a matter of law. The Commissioner asserts that further administrative proceedings are necessary to consider whether Mr. Elzea's (1) history of pulmonary problems since childhood undermines his claim that he suddenly became disabled; (2) poor work history undermines his claim for disability; (3) mental examinations undermine his allegations that his asthma causes him distress.

I agree with the Commissioner that Judge Jelderks is required to conduct each step in the credit-as-true evaluation described in *Dominguez* before actually crediting the improperly rejected evidence as true. And I agree with the Commissioner that Judge Jelderks did not clearly do so in the F&R. After conducting that analysis here, however, I have determined that this case should be remanded for an immediate payment of benefits.

8 – OPINION AND ORDER

As to the first step, I have already concluded that the ALJ committed legal error in improperly rejecting the opinion of Mr. Elzea's treating doctor, as well as the testimony of Mr. Elzea and his mother. At step two, I find that the record has been fully developed. I do not find the Commissioner's arguments regarding why further administrative proceedings are necessary to be persuasive. The Commissioner has not provided any sound reasoning for why Mr. Elzea's long history of pulmonary problems and poor work history are inconsistent with his claim for disability. In arguing there is an inconsistency or ambiguity in the record requiring resolution, the Commissioner must necessarily explain the nature of that ambiguity and why, from those facts, the ALJ could find the claimant not disabled after resolving the ambiguity. Here, the Commissioner highlights facts from the record and summarily states they need to be resolved because they undermine Mr. Elzea's claim, but the Commissioner does not provide any explanation for how or why they undermine the claim. And on their face, I do not see why these facts undermine the disability claim at all.

Finally, I do not agree there is an ambiguity related to the issue of whether Mr. Elzea's mental status examinations support his assertion that his asthma causes him mental distress. The ALJ did not find any mental impairments at Step 2, and Mr. Elzea is not objecting to that finding here. So, whether the asthma actually causes mental distress is wholly beside the point in the ALJ's analysis, and certainly not an essential fact in the record that must be resolved.

Having determined that further administrative proceedings would serve no useful purpose, I adopt Judge Jelderks's remaining analysis under the credit-as-true doctrine. Accordingly, I affirm his finding that when Mr. Elzea's treating doctor's opinion is credited as true, a finding of disability must be reached.

//

## CONCLUSION

For the reasons stated above, I ADOPT Judge Jelderks's F&R [21] as my own opinion, with my supplemental analysis. The Commissioner's decision is REVERSED and this case is REMANDED for the immediate payment of benefits.

IT IS SO ORDERED.

DATED this   5th   day of July, 2017.

/s/ Michael W. Mosman\
MICHAEL W. MOSMAN\
Chief United States District Judge